UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                              CASE NO.

LAMAR JABBAR STATON                                 05-02602-5-ATS
WANITA RENEA STATON

    DEBTORS

ORDER ALLOWING OBJECTION TO CLAIM

The matter before the court is the debtors' objection to the claim filed by Ford Motor Credit Company ("FMC").  A hearing took place in Raleigh, North Carolina on September 6, 2005.

Lamar Jabbar Staton and Wanita Renea Staton filed a petition for relief under chapter 13 of the Bankruptcy Code on June 21, 2005.  The Statons objected to the proof of claim filed by FMC on July 7, 2005, contending that FMC is unsecured.  The title submitted by FMC reflecting its lien on a 2002 Ford Focus is dated August 16, 2002, but the debtors have in their possession a title issued June 8, 2005, that reflects no lienholders.

FMC admits that it mistakenly released its lien and sent the title to the Statons in January 2005, though a balance of $7,500 remained. Ms. Staton called FMC on January 20, 2005, to advise that she received the title, and she was advised that it was sent in error. According to FMC, Ms. Staton agreed to return the title to FMC the following day, but she did not.  Instead, several months later, the debtors took the

title to the North Carolina Division of Motor Vehicles and had a new title issued within days of filing their bankruptcy petition. FMC contends that the Statons were fully aware that a balance remained on their account; indeed, the Statons continued making their monthly payments through May 2005. Under these circumstances, FMC contends, it would be inequitable to allow the debtors to receive "clear" title to the vehicle.

In In re Guyder, Case No. 99-00065-5-ATS (Bankr. E.D.N.C. Aug. 4, 1999), this court held that a creditor that released a lien and returned the title to the debtor could not undo that release merely by applying for a duplicate title. In this case, the fact that Ms. Staton misled FMC might have created an equitable exception to the Guyder rule, but FMC failed to take any steps to remedy its error until after the debtors filed bankruptcy five months after the error was discovered. FMC simply waited too long, and the court will not allow any equitable relief.

Based on the foregoing, the debtors' objection to the claim of FMC is **ALLOWED**. FMC's claim shall be treated as unsecured.

**SO ORDERED.**

**DATED:  September 20, 2005**

A. Thomas Small
United States Bankruptcy Judge

2